In the Matter of the Application of LOUIS TAYLOR, as Executor, etc., of CAMILLE F. HOWELLS, Deceased, Appellant, for a Peremptory Mandamus Order against TEACHERS' RETIREMENT BOARD, Respondent.

First Department, November 1, 1929.

*Matthew J. Shevlin* of counsel [*Russell, Shevlin & Russell,* attorneys], for the appellant.

*Willard S. Allen* of counsel [*William E. C. Mayer* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

McAvoy, J. On petitioner's application for a peremptory mandamus directing the teachers' retirement board to pay over to him the sum of $12,855.80, with interest thereon from March 29, 1927, an order was entered denying the relief — either peremptory or alternative.

The deceased teacher had, prior to March 18, 1927, designated her estate as her beneficiary with reference to the amount standing to her credit in the retirement fund. On March fifth of that year she had been retired for disability, and the report of the medical board stated that she " would probably die in the near future."

On March twelfth of the same year the deceased applied to the Teachers' Welfare Loan Fund, an unincorporated association, for the loan of $100 per month, beginning on the fifteenth of March, and to continue thereafter during her life, or until she might be restored to service. On that day she also executed her last will and testament, naming this unincorporated association as her residuary legatee.

On March eighteenth she revoked the designation previously made by her of her estate as her beneficiary under the optional selection provided in the retirement system, and designated the Teachers' Welfare Loan Fund as the beneficiary, stating that the

fund had an insurable interest as creditor. She died on March 29, 1927.

The amount loaned to decedent under her arrangement with the Teachers' Welfare Loan Fund was $100 — less than one month elapsing after her application before she died. The insurable interest, therefore, of the loan fund could not exceed the amount of the debt with interest.

Whatever claim the Teachers' Welfare Loan Fund had as beneficiary was assigned to this petitioner prior to the commencement of this proceeding, and the respondent was notified of this assignment. A claim was then filed with the respondent, and petitioner demanded payment of the balance of the retirement allowance due and payable in accordance with the provisions of subdivision O of section 1092 of the Greater New York Charter (Laws of 1901, chap. 466, as amd. by Laws of 1917, chap. 303, and Laws of 1920, chap. 784),* known as the Teachers' Retirement Law, which balance amounted to the sum of $12,855.80. There was no action taken on this claim until June 26, 1928, when the teachers' retirement board refused to pay it.

The question involved here is one of law as to whether or no the petitioner, as executor of the estate of the deceased teacher, is entitled to the balance standing to her credit under the provisions of the Teachers' Retirement Law. The petitioner was refused relief at Special Term, on the ground that the estate of the deceased teacher is not entitled to the balance, for the reasons which are set out as follows:

1. The designation of the Teachers' Welfare Loan Fund must fail, at least to any part of the balance above the amount loaned by it with interest.

2. As an unincorporated association, the Teachers' Welfare Loan Fund may not take as residuary legatee under the will of the deceased teacher.

3. In view of the foregoing the application for the order of peremptory mandamus must be denied, particularly so, as the answer denies material allegations in the petition.

Under the provisions of option I of subdivision O of the Teachers' Retirement Law, under which decedent was retired, the balance of her retirement allowance is payable on her death to (1) her legal representatives, or (2) to such person having an insurable interest in her life as she might nominate by a written designation duly acknowledged and filed with the retirement board. Therefore, upon the death of Camille F. Howells, the balance of her unused reserve became payable either to such legal repre-

* Since amd. by Laws of 1929, chap. 514.— [Rep.

sentative as survived her, or was appointed under her will, or the person having an insurable interest in her life, whom she might nominate.

If the court was correct in assuming that the designation of the Teachers' Welfare Loan Fund must fail, at least as to the balance over $100, then if such designated beneficiary is not entitled to the balance, the legal representative of the decedent, who was the petitioner herein, must be entitled thereto. If the nomination of the Teachers' Welfare Loan Fund failed entirely, then the personal representative takes the entire balance. If the Teachers' Welfare Loan Fund had the limited interest of the amount loaned, together with interest, the executor became entitled to have that sum and interest, by virtue of the assignment to him by the Teachers' Welfare Loan Fund, and the balance over and above such limited sum was due to him in his representative capacity.

If the Teachers' Welfare Loan Fund, as beneficiary, took the entire balance under option I, because of its insurable interest, then the executor is entitled to such balance as assignee.

The denial of the motion below, on the theory that the Teachers' Welfare Loan Fund, as an unincorporated association, could not take as a residuary legatee under the will of the decedent, was not a matter to be decided on the issue as to whether or not an executor of an estate of a deceased teacher is entitled to the balance of her retirement allowance. That matter would arise only on the settlement of the accounts of the executor after claim is made either that there was no assignment of the Teachers' Welfare Loan Fund interest, or that it was voidable for some reason. The question of the distribution of the residuary estate is not germane to this proceeding; and whether or not the will of the deceased teacher is valid or invalid is not now the subject of inquiry, since under section 90 of the Surrogate's Court Act the letters of an executor are conclusive until revoked. There being no other material facts in issue, and none of the denials interposed being supported by any competent proof in the affidavits submitted, we think that a peremptory order of mandamus should issue, directing the respondent to pay the balance standing to the credit of the deceased teacher to her personal representative.

The order should be reversed, with ten dollars costs and disbursements, and the motion for a peremptory order of mandamus granted, with fifty dollars costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs. Settle order on notice.